# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY, § | |
| as subrogee of Schneider Electric USA, Inc. § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| C R TRANSPORT, INC. and § | **JURY DEMAND** |
| ACS MANUFACTURING, INC. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff AGCS Marine Insurance Company as subrogee of Schneider Electric USA, Inc., complaining of Defendants C R Transport, Inc. and ACS Manufacturing, Inc., and files this its Original Complaint and in support thereof would respectfully show unto the Court as follows:

## THE PARTIES

1. Plaintiff, AGCS Marine Insurance Company ("AGCS"), as subrogee of Schneider Electric USA, Inc., is an insurance company domiciled in Cook County, State of Illinois. At all times material herein, AGCS had in force and effect an insurance policy insuring Schneider Electric USA, Inc.

2. AGCS's insured, Schneider Electric USA, Inc., is a Delaware corporation with its principal place of business at One Boston Place, Ste. 2700, Boston, MA 02108.

3. Defendant C R Transport, Inc. ("CR Transport") is a Nevada corporation with its principal place of business located at 1630 S. Broadway St., Coal City, Illinois 60416-9718. At all times material hereto, Defendant CR Transport was engaged as a common carrier of goods

and involved in the transport of such goods on an interstate basis. Defendant CR Transport may be served by serving its registered agent for service:

> C R Transport, Inc.
> c/o registered agent, Gary M. Fuller
> 100 W. Liberty Street, Ste. 800
> Reno, NV 89501

4.	Defendant ACS Manufacturing, Inc. ("ACS") is a Texas corporation with its principal place of business located at 1601 Commerce Blvd., Denison, Texas 75020. Defendant ACS may be served by serving its registered agent for service:

> ACS Manufacturing, Inc.
> c/o registered agent, Dan V. Knox
> 1601 Commerce Blvd.
> Denison, Texas 75020

## JURISDICTION AND VENUE

5.	Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. Sect. 1131 and 28 U.S.C.A. Sect. 1337 as this action relates to the loss of property during shipment in interstate commerce and is therefore governed by the provisions of the Interstate Commerce Act, 49 U.S.C.A. Sect. 14706, *et. seq.* (otherwise known as "The Carmack Amendment").

6.	Venue is properly laid in this district pursuant to the provisions of 28 U.S.C.A. Sect. 1391 because a substantial part of the events giving rise to the occurrence made the basis of this claim occurred within a county located within this judicial district.

## FACTUAL BACKGROUND AND ALLEGATIONS

7.	Plaintiff's Insured, Schneider Electric, entered into a Purchase Order contract dated May 21, 2018 with Defendant ACS Manufacturing, Inc. to construct a switchgear cabinet, to be built at ACS' location in Rojo, Mexico, and then shipped to ACS in Denison, Texas where

Schneider Electric provided additional various components to ACS for installation into the switchgear assembly ("Switchgear Enclosure Assembly") by ACS once in Denison, Texas.

8. The Purchase Order included, among other things, pre-paid freight, packaging and wrapping the enclosure by Defendant ACS. ACS engaged CR Transport to transport the Switchgear Enclosure Assembly to 13085 Worthington Rd., New Albany, Ohio 43054. The Defendants, through their respective agents, contractors, subcontractors and/or employees accepted and agreed to deliver the Switchgear Enclosure Assembly.

9. Upon information and belief, the Switchgear Enclosure Assembly was tendered to CR Transport in Denison, Texas on or about December 14, 2018.

10. ACS estimated the delivery would arrive for unloading at its destination on December 21, 2018 and based upon this information arrangements were made to book a crane for offloading the truck on this date.

11. CR Transport failed to secure the necessary permits for highway travel to its final destination in New Albany, Ohio and the freight ended up sitting for approximately four weeks, exposed to the weather, in Florence, Kentucky.

12. On December 19, 2018, ACS disclosed to the crane company that CR Transport was experiencing a permit issue with Ohio DOT and that permits would not be issued until December 21, 2018 at best. Ohio DOT had sent requests to CR Transport for additional information on 3 separate occasions between December 6 and 18, 2018.

13. The crane company ultimately directed the removal of the crane since the shipment would not arrive as intended on December 21, 2018 and it was determined the earliest delivery was now January 4, 2019. The Switchgear ended up sitting in storage in Florence, Kentucky.

14. On or about January 2, 2019, ACS reported that the route survey required by Ohio DOT was rejected and the crane was again cancelled for January 4, 2019. Ohio DOT permits were issued on or about January 9, 2019 and arrangements were finalized for police escorts.

15. The shipment was ultimately delivered to the site on January 13, 2019 and eventually off-loaded from the trailer on January 16, 2019.

16. Upon arrival in New Albany, OH, ice was discovered inside the Switchgear Enclosure Assembly unit, indicating a condensing level of moisture which caused damage, including rust and corrosion. Schneider Electric was forced to make repairs and replace sensitive electronic components on site prior to delivery to the end user due to the uncertainty of the components' long term reliability.

17. Following the loss, Schneider Electric tendered a claim to AGCS for the significant damage to its equipment as a result of this incident. Pursuant to the terms of the insurance policy, AGCS has issued payments exceeding $270,000.00.

18. At no time has Plaintiff been compensated by Defendants for the damages incurred as a result of the damage to the Switchgear Enclosure Assembly despite demands made therefore. Defendants have refused and continue to refuse to pay Plaintiff's damages.

19. As a result of the foregoing, AGCS is legally, contractually and/or equitably subrogated to the rights of its insured, Schneider Electric, and brings this claim against the Defendants to recover all amounts paid or to be paid as a result of the above-described accident. As part of this action, AGCS also seeks any deductible incurred by its insured Schneider Electric as a result of this loss.

## COUNT I:  BREACH OF CONTRACT

20. Plaintiff incorporates the preceding paragraphs herein by reference.

21. The Defendants constructed and/or received the Switchgear Enclosure Assembly in good order and condition, and contracted and agreed to perform the transportation, storage and delivery of the Switchgear Enclosure Assembly in accordance with the aforementioned agreements in the same good order and condition.

22. The Switchgear Enclosure Assembly was damaged due to Defendants' failure to comply with the terms and agreements made for the protection, storage and care of the cargo entrusted to Defendants' possession, or the possession of its agents, employees and/or servants.

23. As a result of Defendants' breach of contract, the Plaintiff has sustained damages in an amount in excess of $270,000.00.

## COUNT II:  BREACH OF CONTRACT AND OF DUTIES UNDER THE ICC TERMINATION ACT

24. Plaintiff incorporates the preceding paragraphs herein by reference.

25. The Defendants were or acted as carriers of cargo in interstate transportation for hire within the meaning of the ICC Termination Act, as enacted and amended in this country as 49 U.S.C. § 10101 *et seq*., and breached their duties under said Act and under the contract of carriage entered into by them pursuant to the ICC Termination Act.

26. As a result of Defendants' breach of contract and duties under the ICC Termination Act, the Plaintiff's insured sustained damages in an amount in excess of $270,000.00.

## COUNT III: BREACH OF CONTRACT AND DUTIES UNDER THE CARMACK AMENDMENT

27. Plaintiff incorporates the preceding paragraphs herein by reference.

28. At all times relevant hereto, the Defendants ACS and CR Transport owed a duty to Plaintiff and Plaintiff's Insured to properly arrange, ship, transport, store and deliver the equipment in good order and in the condition in which it was originally shipped pursuant to their obligations under the Purchase Order and as a common carrier of goods for hire under 49 U.S.C.A. § 14076, otherwise known as "The Carmack Amendment." The Carmack Amendment provides as follows:

> 1.0 A carrier providing transportation or service … shall issue a receipt or bill of lading for property it receives for transportation … that carrier and any other carrier that delivers the property and is providing transportation or service … are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivery carrier or (C) another carrier …

29. Notwithstanding said duties and in breach thereof, Defendants ACS and CR Transport did not properly arrange, ship, transport, store or deliver the equipment in the same good order and condition as originally shipped and as required under the Purchase Order and the Carmack Amendment.

30. The damage to the equipment at issue was not the result of any inherent nature of the goods, nor of any Act of God, nor the acts of a public enemy, the shipper or public authority.

31. As a direct and proximate result of the Defendants' breach of their duties, Defendants failed to make delivery of the aforementioned shipment in the same good order and condition as when originally constructed and/or received for shipment.

32. Schneider Electric and/or its insurer AGCS issued notice of this claim to ACS and CR Transport within 9 months of the incident and has formally demanded that it reimburse all amounts that have been or will be paid as a result of this loss.

33. By reason of the foregoing, Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $270,000.00.

## COUNT IV:  BREACH OF BAILMENT OBLIGATIONS

34. The foregoing paragraphs are incorporated by reference as fully set forth herein.

35. The Defendants were acting as bailees of Plaintiff's Insured's merchandise or otherwise had a duty to care for the aforementioned merchandise at the time it was damaged. The Defendants thereby warranted and had a legal duty to safely keep, care for and deliver the merchandise in the same condition as when entrusted to them, and to perform their services with reasonable care and in a non-negligent and workmanlike manner.

36. The Defendants breached those obligations and negligently failed to store, handle, secure and deliver the Switchgear Enclosure Assembly to its destination.

37. By reason of the foregoing, the Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $270,000.00.

## COUNT V:  NEGLIGENCE

38. The foregoing paragraphs are incorporated by reference as fully set forth herein.

39. The Defendants were acting as bailees and/or carriers, or otherwise had a duty to care for the Switchgear Enclosure Assembly at the time it was damaged and to have properly wrapped it prior to shipping.

40. The Defendants acted negligently, recklessly, carelessly and/or engaged in misconduct in that the Defendants, their agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Switchgear Enclosure Assembly was adequately wrapped, stored, kept, confined, guarded, secured and/or protected to prevent any loss or damage. By

reason of the foregoing, the Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $270,000.00.

## JURY DEMAND

41. Plaintiff demands that this Court empanel a lawful jury to hear the case.

## PRAYER

For these reasons, Plaintiff asks for judgment against the Defendants for economic damages to the equipment insured by Plaintiff, pre-judgment and post-judgment interest, costs of suit, and all other relief as this Court may order and deem appropriate.

Respectfully submitted,

**COZEN O'CONNOR**

/s/ *Aaron G. Koury*
AARON G. KOURY
SBN: 24037816
1717 Main Street, Suite 3100
Dallas, TX 75201
Telephone: (214) 462-3038
Facsimile: (214) 462-3299
Email: akoury@cozen.com

JASON S. SCHULZE
SBN: 00797394 / FBN: 26005
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, TX 77010
jschulze@cozen.com
Phone: 832.214.3916
Fax: 832.214.3905

**ATTORNEYS FOR PLAINTIFF**